UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PIPER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSHUA CABILLO,<br><br>    Defendant. | Case No. 14-cv-02579-JCS<br><br>Related Case 12-cv-5578 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING ACTION WITH PREJUDICE**<br><br>Re: Dkt. No. 9 |

## I.  INTRODUCTION

This civil rights action is based on the alleged unlawful detention and wrongful death of a minor, D.L, which is also the subject of the related case. While the related case is brought by the natural parents of D.L., Plaintiff in this case alleges that she is D.L.'s great-aunt and legal guardian.  Plaintiff asserts a single claim under 42 U.S.C. § 1983 against Officer Joshua Cabillo for the alleged violation of her right to substantive due process under the Fourteenth Amendment of the United States Constitution based on loss of familial relationship.  Defendant brings a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (FRCP 12(b)(6)) ("Motion") asserting that the complaint should be dismissed with prejudice because Plaintiff does not have standing to assert a Fourteenth Amendment due process claim.  Plaintiff's response was due on August 22, 2014.  No response has been filed.  The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil L. R. 7-1(b). Therefore, the Court **vacates the September 19, 2014 motion hearing**. **The Court also vacates the Case Management Conference set for the same time and date.** For the reasons stated

below, the Motion is GRANTED.[1]

## II.   ANALYSIS

### A.   Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

A dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim. *Vaughn v. Bay Environmental Management, Inc*., 567 F.3d 1021, 1024 (9th Cir. 2009).

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

**B.     Fourteenth Amendment Due Process Claim under 42 U.S.C. § 1983**

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (citation omitted).

Here, Plaintiff asserts a §1983 claim for the alleged deprivation of her Fourteenth Amendment right to substantive due process based on the loss of her familial relationship with D.L. "The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child . . . ." *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (citing S*trandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir.1986); *Kelson v. City of Springfield*, 767 F.2d 651, 653–55 (9th Cir.1985)). This right does not extend to more distant relatives, however, such as a great-aunt. *See Palacio v. City of Oakland*, 970 F. Supp. 732, 745 (1997) (holding that while mother could assert a due process claim based on deprivation of familial relationship with her son based on alleged use of excessive force against him, uncle and half-sisters did not have substantive due process rights as to their nephew/half-brother). Plaintiff has cited no authority suggesting that a great-aunt has substantive due process rights based on the alleged loss of familial relationship with a great-nephew and the Court has found no such authority.

Nor has the Court found any authority for the proposition that a legal guardian may assert a substantive due process claim based on the loss of a familial relationship with her ward. To the contrary, in addressing whether foster parents may assert a Fourteenth Amendment due process claim based on loss of familial relationship, the Ninth Circuit has reasoned that foster parents do not enjoy the same constitutional rights as natural parents because the foster parent relationship is a creature of state law. *Backlund v. Barnhart*, 778 F.2d 1386, 1390 (9th Cir. 1985). Quoting a

3

decision of the Fifth Circuit, the court explained,

> True liberty rights do not flow from state laws, which can be repealed by action of the legislature. . . . The very fact that the relationship before us is a creature of state law . . . demonstrates that it is not a protected liberty interest, but an interest limited by the very laws which create it.

*Id*. (quoting *Drummond v. Fulton County Department of Family & Children's Services*, 563 F.2d 1200, 1206–07 (5th Cir.1977) (en banc), cert. denied, 437 U.S. 910, 98 S.Ct. 3103, 57 L.Ed.2d 1141 (1978)).  As the guardianship relationship also is a creature of state law, the reasoning of *Blacklund* supports the conclusion that Plaintiff cannot assert a claim for violation of substantive due process under the Fourteenth Amendment based on her loss of familial relationship with D.L.

### III.    CONCLUSION

The Motion is GRANTED.  Further, because Plaintiff cannot cure the defect in her complaint, the Court dismisses the action with prejudice.  **The Case Management Conference set for September 19, 2014 in this action is vacated.**  The Clerk is instructed to close the file in this case.

**IT IS SO ORDERED.**

Dated:  September 2, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge